# CIVIL RIGHTS COMPLAINT FORM

## FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

### IN THE UNITED STATES DISTRICT COURT FOR THE

### NORTHERN DISTRICT OF FLORIDA

Northern DIVISION

1. TOMMY WILLIAMS #B 887156,

2. _____,

3. _____.

(Enter the full name of each plaintiff,
plus inmate number (if applicable).
Begin the name of each plaintiff on a new
line. The entire name of each party
should be in capital letters.
Descriptive terms such as a party's title
or job position should be in normal
case.)

vs.                              CASE NUMBER: 5:02CV136/MMP/MD
                                 (To be assigned by Clerk)

1. JAMES K. PEACOCK (ASST WARDEN)
2. W. WILLIAMS, LEIUTENANT _____,
3. J. MEADOWS, OFFICER _____,
4. _____.

(Enter the full name of each defendant in
the same manner as above. If additional
space is required, use the blank area
directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

REVISED 7/97

## I.  PLAINTIFFS:

State your full name, inmate number, and full mailing address in the lines below.  Include the name of the institution in which you are confined.  Do the same for any additional Plaintiffs:

(A)  Plaintiff's name: _Tommy Williams_

Plaintiff's inmate number: _B-887156_

Prison or jail: _Calhoun Correctional Institution_

Mailing address: _19562 S.E. Institutional Drive, Unit 1_
_Blountstown, FL. 32424_

## II.  DEFENDANTS:

State the full name of the defendant, official position, mailing address, and place of employment.  Do the same for every defendant.

(1)  Defendant's name: _James K. Peacock_

Official position: _Asst. Warden_

Mailing address: _19562 S.E. Institutional Drive Unit 1_

Employed at: _Calhoun Correctional Institution_

(2)  Defendant's name: _W. Williams_

Official position: _Lieutenant_

Mailing address: _19562 S.E. Institutional Drive Unit 1_

Employed at: _Calhoun Correctional Institution_

(3)  Defendant's name: _J. Meadows_

Official position: _Correctional Officer 1_

Mailing address: _19562 S.E. Institutional Drive Unit 1_

Employed at: _Calhoun Correctional Institution_

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

Revised 1/87                           2

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES.  UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED),  THIS COMPLAINT IS SUBJECT TO DISMISSAL IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes(✓)                No( )

[If your answer is YES, answer all the questions in this subsection.  If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections.  Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion.  Each plaintiff must complete a separate Section III.

EXHAUSTION STEPS REQUIRED:

*  Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

   a.   Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
   b.   Appeal to the Office of Secretary (Form DC1-303)

*  General Grievance

   a.   Informal Grievance (Form DC3-005)
   b.   Formal Grievance (Form DC1-303)
   c.   Appeal to the Office of Secretary (Form DC1-303)

EXHAUSTION STEPS TAKEN:

1.   Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance



Involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

    a.  Did you submit your grievance directly to the Superintendent and/or to the Office of Secretary (Form DC1-303)?

        Yes( )               No( ✓ )

    b.  If so, you must attach a copy of the grievance and response to this complaint form.

    c.  Were you denied emergency status or otherwise required to first file an informal grievance?

        Yes( )               No( ✓ )

    d.  Did you have a disciplinary hearing concerning this matter?

        Yes( )               No( ✓ )

    e.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form.

2.  Informal Grievance (Request for Interview)

    a.  Did you submit an informal grievance (Form DC3-005)?

        Yes( ✓ )             No( ) .

    b.  If so, you must attach a copy of the grievance and response to this complaint form.

3.  Formal Grievance (Request for Administrative Remedy or Appeal)

    a.  Did you submit a formal grievance (Form DC1-303)?

        Yes( ✓ )             No( )

    b.  If so, you must attach a copy of the grievance and response to this complaint form.

4.  Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

    a.  Did you submit an appeal to the Office of the

Secretary (Form DC1-303)?

Yes( レ )                          No( )

      b.   If so, you must attach a copy of the appeal and
response to this complaint form.

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
JAIL?

Yes( )                          No( レ )

If your answer is YES, answer the following questions.

1.   Is there a grievance procedure at your institution or
jail?

Yes( )                          No( )

2.   Did you present the facts relating to your complaint in
the prison grievance procedure?

Yes( )                          No( )

3.   If your answer is YES:

a.   What steps did you take?

b.   What were the results?

4.   If your answer is NO, explain why not:

## IV.  PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. §
1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL
A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER
HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED
IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE
UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS
FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF
SERIOUS PHYSICAL INJURY.  THEREFORE, IT IS EXTREMELY IMPORTANT THAT
THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER
POSSIBLE**.  FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT
PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A.   Have you initiated other actions in **state** court dealing
with the same or <u>similar</u> facts or issues as involved in
this action?      Yes( )   No( レ )

B.   Have you initiated other actions in **federal** court dealing
     with the same or _similar_ facts or issues as involved in
     this action?       Yes( )     No(_/)_

C.   If your answer to either (A) or (B) is YES, describe each
     action in the space provided below.  If there is more
     than one action, describe all additional actions on a
     separate piece of paper, using the same format as below.

     (1)   Parties to previous action:

           Plaintiff(s):
           Defendant(s):

     (2)   Court (if federal court, name the district; if
           state court, name the county):

     (3)   Docket Number:

     (4)   Name of Judge:

     (5)   Briefly describe the facts and basis of the action:

     (6)   Disposition (Was the case dismissed?  If so, why?
           Did you appeal?  What result?):

     (7)   Approximate filing date:

     (8)   Approximate disposition date:

D.   Have you initiated other actions (other than those listed
     in (A) or (B)) in state or federal court relating to the
     fact or manner of your imprisonment or the conditions of
     your imprisonment?   Yes( )   No( )

E.   If your answer to (D) is YES, describe each action in the
     spaces below.  Attach additional pages if necessary.

     (1)   Court (if federal court, name the district; if
           state, name the county):

     (2)   Docket Number:

     (3)   Parties to the previous action
           (a). Plaintiff(s):
           (b). Defendant(s):

     (4)   Basis of action:

     (5)   Is it still pending?   Yes( )   No( )

6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

OF FLORIDA

TOMMY WILLIAMS,
        Plaintiff,

v.                                                CASE No. TBA

JAMES K. PEACOCK, Asst. Warden
W. WILLIAMS, Lieutenant
J. MEADOWS, Officer
        Defendants

_____/

## CIVIL RIGHT COMPLAINT

Comes Now, the Plaintiff, Tommy Williams, in PROPER PERSON pursuant to 42 U.S.C 1983 and hereby sues the Defendants in their individual capacity for violation of the Plaintiff's 8th and 14th Amendment Rights and states in support thereof the following:

## JURISDICTION

This Honorable Court has jurisdiction pursuant to 42 U.S.C. 1983.

**V.   STATEMENT OF FACTS:**

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case.  Describe how <u>each</u> defendant was involved and what each did or did not do to give rise to your claim.  Include the names of persons involved, dates, times, and places.  State exactly what happened.  **DO NOT make any legal arguments or cite any cases or statutes.**  You may make copies of these pages and attach additional sheets of paper if needed:

THE PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS WAS VIOLATED WHEN THE DEFENDANT MALICIOUSLY ABUSED HIS AUTHORITY AND DEMANDED THAT I PICK UP A BUCKET THAT HE THREW DOWN; AFTER HE THREATENED TO PLACE ME IN CONFINEMENT IF I REFUSED TO PICK UP CIGAR-ETTE BUTTS AND TRASH... THE PLAINTIFF WAS EN-ROUTE TO HIS ASSIGNED DORMITORY AND WAS NOT IN VIOLATION OF ANY INFRACTION WHEN THE DEFENDANT DELIBERATELY IMPOSED SUCH CRUEL SANCTIONS UPON HIM. WHEN THE PLAINTIFF INQUIRED AS TO WHY HE WAS BEING FORCED TO THESE "RESTRICTED-DUTIES," THE DEFENDANT THREATENED TO HAVE HIM PLACED IN CONFINE-MENT.

## VI.  STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated.  Be specific.  Number each separate claim, and relate each claim to the facts in the complaint.  If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

THE PLAINTIFFS 8TH AND 14TH AMENDMENT RIGHTS WAS VIOLATED WHEN THE DEFENDANT — MALICIOUSLY ABUSED HIS AUTHORITY AND THREATENED THE PLAINTIFF TO PLACE HIM IN CONFINEMENT IF HE REFUSED TO PICK UP CIGARETTE BUTTS AND TRASH...

ON JANUARY 20, 2002 WHILE ENROUTE TO MY ASSIGNED DORMITORY TO PREPARE FOR HEAD COUNT, THE DEFENDANT STOPPED ME AND TOLD ME TO PICK UP CIGARETTE BUTTS AND TRASH. THE PLAINTIFF INQUIRED TO THE DEFENDANT AS TO WHY WAS HE IMPOSING SUCH "RESTRICTED-DUTIES," UPON HIM; AND DEFENDANT THEN — THREATENED TO PLACE THE PLAINTIFF IN CONFINEMENT IF HE DIDN'T COMPLY WITH THE ORDER. OFFICER J. MEADOWS HAS CONSTANTLY HARRASSED AND ERRONEOUSLY SOUGHT TO ENTRAP THE PLAINTIFF ON SEVERAL OTHER OCCASIONS FOR NO APPARENT REASONS. THE PLAINTIFF HAVE PERFORMED NUMEROUS IN-HUMANE DETAILS SUCH AS THIS PRIOR TO THIS INCIDENT, AND HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

(SEE ATTACHMENT)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from this court.  Do not make any legal arguments or cite any cases.  You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

WHEREFORE, THE PLAINTIFF REQUEST THIS HONORABLE
COURT TO APPLY ALL FEDERAL RULES AND STATUTES
FOR THE PLAINTIFF TO OBTAIN PUNITIVE AND COMPEN-
SATORY DAMAGES IN THE AMOUNT OF $2,000.00
FROM EACH INDIVIDUAL DEFENDANT; ALSO ANY FILING-FEES
IMPOSED BY THIS HONORABLE COURT AND/OR COURT COST
AND MAILING EXPENSES.

## VIII.   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Signed this _29th_ day of _March_ _____, 2002 .

_Tommy Williams_

_____

(Signature(s) of Plaintiff(s))

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED

MAR 1 1 2002    REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

MAR 0 1 2002

Department of Corrections
TO: ☐ Superintendent      ☐ Assistant Superintendent      ☒ Secretary, Florida Department of Corrections
Bureau of Inmate Grievance Appeals

FROM: WILLIAMS, TOMMY                    B-887156        LALL PROCESSIONAL Department Of Corrections
Last Name, First, Middle Initial             Number          Institution    Bureau of Inmate Grievance
                                                                            02-6 05'761

### PART A – INMATE GRIEVANCE

OFFICER MEADOWS DID IN FACT CONDUCT HIMSELF INAPPROPIATELY AND
UNPROFESSIONALLY, WHILE SUPERVISING ME AS AN INMATE BY VIOLATING
F.A.C. RULES WHEN HE MADE ABUSIVE AND PROVOKING STATEMENTS TOWARDS
ME. THE CLAIM OF BEING INTERVIEWED AND DENYING THE ALLEGATIONS
STATED IN THE GRIEVANCES, ARE NOT SATISFACTORY. REMEDY SOUGHT: SAME
AS STATED IN THE INFORMAL GRIEVANCE, ALONG WITH ~~his~~ THE INCLUSION OF
HIS ~~SUBMISSS~~ SUBMISSION TO A POLYGRAPH TEST IN CONCERN TO THIS
MATTER.

2/27/02                                        Tommy Williams   B-887156
Date                                           Signature of Grievant and D C #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                                          #        Signature

### PART B – RESPONSE

Your administrative appeal has been reviewed and evaluated. The response that you received at
the institutional level has been reviewed and is found to appropriately address the concerns that
you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

Orlester Dickens                   Orlester Dickens              3-6-02
Signature and Typed or            Signature of Superintendent,   Date
Printed Name                      Assistant Superintendent, or
of Employee Responding  02-105-062   Secretary's Representative

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION

02-02-136

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From: WILLIAMS, TOMMY        B-887156        CALHOUN CORRECTIONAL INST
      Last    First    Middle Initial      Number          Institution

Part A – Inmate Grievance

THE RESPONSE WHICH WAS GIVEN IN THE INFORMAL GRIEVANCE DID NOT ~~EEE~~ ADDRESS THE ISSUE OF VERBAL HARRASSMENT WHICH IS IN FACT A VIOLATION OF F.A.C RULE 33-208.002(9). THE OFFICER HERE AT CALHOUN C.I HAVE BECOME COMFORTABLE WITH TALKING TO INMATES IN ALL MANNERS IN ~~VOT~~ VIOLATION OF THE STATED RULE AND THIS CONDUCT WHICH HAS BEEN EMBRACED AND ACCEPTED AS ROUTINE IS PROVOKING, WHERE I TAKE AS UNPROFESSIONAL AND DISRESPECT-FUL. REMEDY SOUGHT AND ALL FACTS STAY THE SAME AS STATED IN THE INFORMAL GRIEVANCE.

2/16/02
DATE

Tommy Williams B887156
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____/_____
                                                                      #    Signature

PART B – RESPONSE                                                02-02-136

**Your request for administrative remedy has been received, reviewed and evaluated.**

**I have interviewed Officer Meadows in regards to your allegations. Officer Meadows denies your allegations. He states that at no time has he verbally harrassed you. He further states that he conducts himself in a professional manner at all times. Officer Meadows states that he has never attempted to provoke you or any other inmate, nor has he ever made the statement, "...What I want you to do is hit me so I can get workers compensation".**

**Based on the above, your grievance is denied.**

**You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by 33-103.007(3)(a) and (b), and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.**

Tommy Williams
Received

2/20/02
Date

W Williams WYT
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING   W. Williams

James K. Peacock
SIGNATURE OF WARDEN, ASST WARDEN OR
SECRETARY'S REPRESENTATIVE   James K. Peacock

2/18/02
DATE

ORIGINAL   TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION
TEAR  ON  PERFORATION

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE·REQUEST**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

**\* INFORMAL GRIEVANCE \***

| TO: (Check One) | ☐ Warden ☒ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | TOMMY WILLIAMS | B 887156 | H 3102L | HM | 1/24/02 |

**REQUEST**

ON 1/20/02 C.O. I J. MEADOWS VERBALLY HARRASSED AND THREATENED ME WHICH IS A DIRECT VIOLATION OF CHAPTER 33-208.002 (9). STATEMENT OF FACTS: WHILE ENROUTE TO H-DORM, C.O. I J. MEADOWS, WHO WAS STATIONED AT THE CENTER GATE STOPPED ME AS i ENTERED GATE # 10 AND ORDERED ME TO GET A BUCKET AND START TO PICK UP CIGARETTE BUTTS AND TRASH FOR " TALKING LOUD OUTSIDE". I STATE THAT I WASN'T TALKING LOUD AND THAT I DID NOTHING TO HAVE TO PICK UP PAPER AND CIGARETTE BUTTS. C.O. I, J. MEADOWS, THEN THREW A BUCKET ON THE GROUND AND TOLD ME TO "GET IT AND GET STARTED". BY ME NOT WANTING TO GO TO CONF- INEMENT I STATE THAT, "I'LL GET ONE OF THOSE BUCKETS OVER THERE AND PICK UP TRASH, CAUSE YOU DIDN'T HAVE TO THROW THAT DOWN LIKE THAT" C.O. I THEN STATED, " GET THIS BUCKET RIGHT HER OR YOU'RE GOING TO CONFINEMENT!" WHEN THE WHISTLE BLEW FOR 10:30 COUNT I RETURNED TO CENTER GATE TO TURN IN THE BUCKET AND C.O. I J. MEADOWS TOLD ME TO SIT ON THE BENCH AT WHICH

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**   \* GRIEVANCE CONT \*

**RESPONSE** Referred to Ofc. Meadows 1/25/02   **DATE RECEIVED:** 1/26/02

As an Inmate I gave you a verbal order to pickup trash and at no time did I threw a bucket on the ground. The statement you made about a rule violation is false, because you could have recieved ~~documentation~~ documentation of such. Your grievance is DENIED. ~~It address more than one issue and is improperly filed~~

---

[The following pertains to informal grievances only:

Based on the above information, your grievance is   DENIED .   (Returned, Denied or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): J. Meadows | Date: 1-26-02 |
|---|---|

Distribution:  White  -Returned to Inmate         Pink  -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

02-01-182

\* INFORMAL GRIEVANCE CONT. \*

I REMAINED DURING COUNT. WHILE WAITING FOR COUNT TO CLEAR, I TOLD OFF. MEADOWS THAT "THIS ISN'T RIGHT," AND HE STATED THAT," I DON'T CARE IF YOU WRITE A ~~GRIE~~ GRIEVANCE OR CALL YOUR MOMMY AND DADDY OR WHOEVER. "WHAT I WANT YOU TO DO IS HIT ME SO I CAN GET WORKERS COMPENSATION." HE ALSO STATED, "I'M ON MEDICATION. THIS VERBAL ASSUALT AND ATTEMPT AT PROVOKING ME, COUPLED WITH HIS DECISION TO MAKE UP AN UNWRITTEN ~~RULE~~ VIOLATION AND PENALTY NOT SUSTAINED IN 33-601.314 RULE OF PROHIBITED CONDUCT AND PENALTIES FOR INFRACTIONS WAS A CLEAR AND DIRECT VIOLATION OF 33-RULE 208.002(9) AND ALSO (11) WHERE HIS ACTIONS WERE UNPROFESSIONAL. REMEDY SOUGHT: ANGER MANAGEMENT AND STRESS MANAGEMENT, AS WELL AS, A WRITTEN REPREMAND IN ACCORDANCE WITH F.A.C RULES.

*Tommy L. Williams*

B-887156