IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TOMMY WILLIAMS,
      Plaintiff,

vs.                                        5:02cv136/MMP/MD

JAMES K. PEACOCK, et al.,
      Defendants.

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and an application for leave to proceed *in forma pauperis* (doc. 2). Plaintiff's application for leave to proceed *in forma pauperis* is deficient because he failed to have an authorized official complete the financial certificate and failed to provide a computer print-out reflecting all transactions in his prison account for the six month period preceding the filing of his complaint. His motion for leave to so proceed would ordinarily be denied without prejudice for him to correct these deficiencies. However, in light of the claims raised in the instant case, leave to so proceed will be granted for the limited purpose of this recommendation. If the recommendation is rejected by the district court, plaintiff will be required to pay the full filing fee or to file a complete and proper application for leave to proceed *in forma pauperis*.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that the complaint lacks an arguable basis in law and fact, and does not present an actionable claim. Dismissal is therefore warranted.

Plaintiff claims his rights under the Eighth and Fourteenth Amendments were violated when defendant J. Meadows, a correctional officer at Calhoun Correctional Institution (the place of plaintiff's confinement) ordered him to get a bucket and pick up cigarette butts and trash (doc. 1 at 8). When plaintiff inquired why he was being assigned this duty, defendant Meadows threatened to place him in confinement if he did not comply with the order. Defendant Meadows then threw a bucket on the ground and demanded that plaintiff use that bucket to perform his duties (*id.*). Plaintiff complains generally that defendant Meadows "has constantly harassed and erroneously sought to entrap the plaintiff on several other occasions for no apparent reason. The plaintiff ha[s] performed numerous inhumane details such as this prior to this incident." (*Id.*).

In assessing a claim of cruel and unusual punishment in violation of the Eighth Amendment, the court must consider "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101

(1958). Cruel and unusual punishment, however, consists only of a level of punishment that involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Campbell v. Sikes*, 169 F.3d 1353 (11th Cir. 1999). To establish a claim, the plaintiff must demonstrate a subjective component (i.e., deliberate indifference or specific intent), an objective component (i.e., harm or deprivation of an identifiable human need serious enough to violate contemporary standards of decency), and causation. *See Helling v. Mckinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995); *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1185 (11th Cir. 1994).

Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985). As the Supreme Court stated in *Rhodes*, "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, can not be free of discomfort." *Id.* at 349, 101 S.Ct. at 2400. Moreover, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347, 101 S.Ct. at 2399.

In the instant case, even viewing plaintiff's allegations in the light most favorable to him, his claim that he was forced to pick up cigarette butts and trash for no apparent reason is not objectively serious enough to establish a constitutional violation. The fact that plaintiff subjectively believes that being required to pick up cigarette butts and trash is an "inhumane" work detail is irrelevant.

Moreover, the fact that defendant Meadows threatened to place plaintiff in confinement if he did not obey the order is not cognizable under section 1983. Generally, "verbal threats, without more," are insufficient "to state a cause of action

under the Eighth Amendment." *Chandler v. District of Columbia Dept. of Corrections*, 145 F.3d 1355, 1360 (D.C.Cir.1998) (citing *Hudson v. McMillian*, 503 U.S. at 16, 112 S.Ct. at 1004). As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits.

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See also Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir.1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y.1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment); *Davis v. Sancegraw*, 850 F.Supp. 809, 813 (E.D.Mo.1993) ("[v]erbal insults or threats generally do not rise to the level of a constitutional violation" except where they involve "a 'wanton act of cruelty' such that the inmate is in fear of 'instant and unexpected

death at the whim of his bigoted custodians'"). The verbal threat involved in the instant case, that plaintiff would be placed in confinement if he failed to obey the order, falls well short of the type of threat sufficient to state a claim under the Eighth Amendment.

Similarly, the allegations in plaintiff's complaint fail to state a due process violation. In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court redefined the circumstances in which a liberty interest will arise for purposes of the protections of the Due Process Clause. *Id.*, 515 U.S. at 484, 115 S.Ct. 2293. Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court limited state created liberty interests to restraints which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Thus, if the restraint did not exceed the sentence itself such as to give rise to protection by "the Due Process Clause of its own force," the restraint must be atypical in relation to the ordinary incidents of prison life. *Id.* In *Sandin,* the Supreme Court concluded that 30 days disciplinary confinement in a special holding unit did not constitute such atypical, significant hardship sufficient to create a liberty interest. *Id.*, 515 U.S. at 486, 115 S.Ct. 2293.

The restraint imposed by the state in the case at bar consists of the hardship of being required to pick up cigarette butts and trash on one occasion. Such a restraint falls well below the kind of atypical and significant hardship in relation to ordinary prison life which is necessary to invoke the procedural protections of the Due Process Clause. Thus, to the extent plaintiff attempts to raise a violation of the Due Process Clause under section 1983, the claim fails to state a claim for relief.

Finally, the court notes that although plaintiff has named additional defendants in this action (James Peacock, Assistant Warden of CCI; and W. Williams, Lieutenant at CCI), the complaint is devoid of any factual allegations relating to these defendants. The only place their names appear in the complaint is on an administrative grievance form denying plaintiff's request for administrative remedy concerning the incident with defendant Meadows. *Respondeat superior,*

without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between each defendant named and the injury allegedly sustained. *Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). The causal connection may be established by proof that the official was personally involved in the acts that resulted in the constitutional deprivation, or where the official has established or utilized a policy or custom that results in deliberate indifference to a prisoner's rights. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). A supervisor is not liable simply because he is the superior of another defendant. *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The Sixth Circuit has held that prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998).

  Since plaintiff cannot successfully bring his action as a violation of the Eighth or Fourteenth Amendments, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for purposes of this recommendation only.

And it is respectfully RECOMMENDED:

Plaintiff's complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

At Pensacola, Florida, this 10TH day of April, 2002.

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).